IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darrell L. Goss, | ) |
|              Plaintiff, | ) |
| v. | ) Civil Action No. 2:18-cv-3245-BHH |
| Bryan P. Stirling; Warden Charles Williams; Associate Warden Thomas Robertson; Associate Warden Alyson Glidewell; Major Stephanie Marshall; Administrative Captain Stanley Terry; Lt. Clarissa Jones; Chief Nurse Deborah Richter; Mailroom Director Jennifer Franklin; Sgt. Warren Peck; Corporal Verdeia Hall; John Doe 1; John Doe 2; and Juanita Moss, | ) **ORDER** |
|              Defendants. | ) |

This matter is before the Court upon pro se Plaintiff Darrell Goss' ("Plaintiff" or "Goss") complaint seeking relief pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On December 27, 2018, Magistrate Judge Mary Gordon Baker filed a report and recommendation ("Report") outlining the issues and recommending that the Court deny Plaintiffs' motions for preliminary injunctions and/or temporary restraining orders (ECF Nos. 3 and 15). Attached to the Report was a notice advising the parties of their right to file written objections to the Report within fourteen days of receiving a copy.

Also, on January 14, 2019, Goss filed objections to the Magistrate Judge's Report, objecting to the Magistrate Judge's statement that Goss seeks an injunction that "for the

most part, is mandatory in nature," and to the Magistrate Judge's finding that Goss has not shown that he is likely to succeed on the merits. (ECF No. 35 at 1-2.) Goss also objects to the Magistrate Judge's conclusion that Goss failed to show a likelihood that he would suffer irreparable harm absent the injunctive relief he seeks, as well as the Magistrate Judge's finding that Goss failed to show how the balance of equities weighed in his favor. (*Id.* at 2.) On January 28, 2019, Defendants filed a response to Plaintiff's objections. (ECF No. 48.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

After review, the Court finds that Plaintiff's objections fail to point to any legal or factual error sufficient to alter the Magistrate Judge's analysis. Instead, the Court finds that Plaintiff's objections simply reassert the arguments he previously raised before the Magistrate Judge, and after consideration of those arguments, the Court fully agrees with the Magistrate Judge's findings. As the Magistrate Judge explained, a preliminary injunction is an extraordinary remedy, and the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities weighs in his favor; and (4) that injunctive relief is in the public interest. *See Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24

(2008). Here, the Court agrees with the Magistrate Judge that Goss has failed to make the required showing for any of the preliminary relief he requests.

Accordingly, it is hereby ordered that Plaintiff's objections (ECF No. 35) are overruled; the Magistrate Judge's Report (ECF No. 23) is adopted and incorporated herein; and Plaintiff's motions for preliminary injunction and/or temporary restraining order (ECF Nos. 3 and 15) are denied.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

May 16, 2019
Charleston, South Carolina